CHARLES WEISE AND CHARLES REESE v. CHARLES A.
RICH AND SYLVESTER L. RICH, TRUSTEES, ETC.

*Leases—Executors and trustees—Liability as lessors.*

1. It may well be doubted whether a declaration in a suit against
executors and trustees in their official character, for damages
arising by reason of alleged leakage from the roof of a
store leased by them to plaintiff, can be amended on the trial
by striking out the word " executors," and leaving defendants
charged as trustees.

2. There is no legal theory on which either executors or trustees
can *presumably* bind their estate by a five-years' lease, or by
verbal representations concerning the condition of the estate,
resulting in unliquidated damages to a large amount.

3. The precise character of the powers granted by the will
to executors and trustees cannot be shown by parol.

4. An action cannot be made out against executors and trustees, as
such, for damages arising by reason of alleged leakage from
the roof of a store leased by them to the plaintiff, without
proof of the precise character of the powers granted to them
by the will of the testator.

Error to Wayne.   (Reilly, J.)   Argued October 17, 1889.
Decided November 1, 1889.

Case.   Defendants bring error.   Reversed.   The facts
are stated in the opinion.

*Corliss, Andrus & Leete,* for appellants.

*John A. McLennan* (*Charles Flowers,* of counsel), for
plaintiffs.

CAMPBELL, J.   This suit was brought against defendants
for damages arising to the goods of plaintiffs by reason of
alleged leakage from the roof of their store, rented from
defendants, during a great storm in August, 1888.   Sev-
eral errors are assigned, partly on the state of the record,

and partly on rulings at the trial. The jury found a verdict for $1,000, which does not appear to be founded on any precise testimony. We shall not find it necessary to consider many of the assignments of error, inasmuch as there are some which lie at the foundation of the case.

The declaration in the first two counts sets out a leasing of the premises in November, 1887, upon the alleged false inducement that the building was in good repair, whereas the roof was leaky, and, on or about August 3, 1888, the goods were damaged by water caused thereby.

The third and fourth counts set up no representations in advance, but aver the leasing, and the bad state of the roof; and allege, in different ways, the undertaking by defendants to repair, and their failure to do so properly, and their misleading representations to the effect that it was properly done.

Upon the trial, an attempt was made, and allowed, to prove by parol their character of executors and trustees, and their discharge as executors. This was excepted to. There was, however, no attempt to prove the contents of the will, or what authority it gave defendants in either capacity. There was no testimony of any joint action or representation by more than one of the defendants at any time. The court, against objection, allowed the declaration to be amended by striking out the word " executors," and leaving defendants charged as trustees.

Whether such an amendment, which might have changed the character of the litigation, could be allowed on trial, may be doubted. The court below intimated a doubt whether it appeared they were not still executors; and it is evident that, if one character was succeeded by the other, the powers of the two offices could not be presumed identical. The suit is not brought against defendants personally, but officially. There is no legal theory on

which either executors or trustees can presumably bind their estate by a five-years' lease, or by verbal representations concerning the condition of the estate, resulting in unliquidated damages to a large amount. Without evidence of the precise character of the powers granted by the will to executors or trustees, there was nothing to found an action; and this could not be shown by parol, and was not shown at all. In the absence of any such evidence, it could not be known how far, if at all, one of the defendants could bind the other, personally or officially.

These objections, therefore, were not formal or technical, but essential; and, without a showing of what was not attempted to be shown, no case could be made out.

Whether the declaration would have sufficed had the proofs been full need not be considered. The bearing of much of the testimony might have been changed by a different showing on the primary facts, and we do not care to pass on questions which are possibly not essential. We are not to be regarded as overruling the assignments not noticed.

Judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred